UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE TURNER, CDCR #AN-8222,<br><br>                        Plaintiff,<br><br>vs.<br><br>MARCUS POLLARD,<br><br>                        Defendant. | Case No.: 3:20-cv-02193-DMS-AGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (ECF No. 2);**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR LACK OF SUBJECT-MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(h)(3) AND FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)** |

    Plaintiff Michael Wayne Turner ("Plaintiff"), currently incarcerated at Mule Creek State Prison, is proceeding pro se in this action seeking damages for alleged "losse[s] of personal property, mental anguish, [and] depression." (*See* ECF No. 1, Compl. at 2.)

    Plaintiff did not prepay the $402 civil filing fee required by 28 U.S.C. Section

1914(a) at the time of filing and has instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. Section 1915(a).  (*See* ECF No. 2.)

## I.   Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. Section 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding

---

[1]  In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. Section 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statements, which show that he carried an average monthly balance of $198.36 and had $158.33 in average monthly deposits to his trust account for the six months preceding the filing of this action, and that Plaintiff had an available balance of $219.78 at the time of filing. (*See* ECF No. 2, at 4.)

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses an initial partial filing fee of $39.67 pursuant to 28 U.S.C. Section 1915(b)(1)(B). The Court directs the Secretary of the CDCR, or her designee, to collect this initial filing fee only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. Section 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The Court further directs the Secretary of the CDCR, or her designee, to collect the remaining balance of the filing fees required by 28 U.S.C. Section 1914 and to forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. Section 1915(b)(1).

**II.   Sua Sponte Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b)**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b). Under

these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

In addition to reviewing prisoner's IFP complaints under 28 U.S.C. Section 1915(e)(2) and Section 1915A(b), the Court must also determine sua sponte whether it has subject-matter jurisdiction over Plaintiff's case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff's Complaint, such as it is, is a form designed for asserting claims in small claims court. (*See generally* Compl.) It names Defendant Marcus Pollard as the sole Defendant, and demands $10,000 for "losse[s] of personal property, mental anguish, [and] depression" suffered between January 16, 2020 and October 16, 2020. (*See id.* at 2.) Aside from that, Plaintiff's Complaint contains no factual allegations whatsoever. (*See id.*)

Although Plaintiff may wish to file a civil rights action, or some other claim for relief in federal court based on the alleged losses of property and other harms he has suffered, his current Complaint fails to invoke federal subject-matter jurisdiction under 28 U.S.C. Section 1343(a)(3), which creates federal jurisdiction over certain civil rights claims, 28 U.S.C. Section 1331, which creates federal jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," or any other potential source of federal jurisdiction. (*See generally* Compl. at 2.) As a result, the Court must dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(h)(3). *See Watson v. Chessman*, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must

always be affirmatively alleged." (citations omitted)); *see also* Fed. R. Civ. P. 8(a)(1) (explaining that a pleading stating a claim for relief "must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ."). If Plaintiff does not wish to pursue a federal civil rights claim, and instead wishes to proceed in small claims court (as his use of the form suggests), then he must file the form he submitted in the proper state court.

Even if Plaintiff's Complaint invoked the Court's subject-matter jurisdiction, however, it would nevertheless fail to state any discernable claim for relief that is "'plausible on its face'" because it contains no factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As a result, it would be subject to dismissal under 28 U.S.C. Section 1915(e)(2)(B)(ii) and Section 1915A(b). If Plaintiff does wish to pursue a federal civil rights claim against Defendant Pollard, he must allege factual matter sufficient to show that: (1) a right secured by the Constitution or laws of the United States was violated; and (2) the alleged violation was committed by a person acting under color of state law. *See Campbell v. Wash. Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011). "Because vicarious liability is inapplicable to . . . § 1983 suits," he must also allege that Defendant Pollard or any other government official he wishes to sue, "through the official's own individual actions, has violated the constitution." *See Iqbal*, 556 U.S. at 676.

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading to attempt to allege both subject-matter jurisdiction and to state a claim upon which relief may be granted, if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies in the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### III.   Conclusion and Orders

Good cause appearing, the Court:

    1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. Section 1915(a) (ECF No. 2).

    2. **DIRECTS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the initial filing fee assessed in this Order, and to forward the remainder of the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. Section 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

    3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

    4. **DISMISSES** Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3) and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) and Section 1915A(b)(1).

    5. **GRANTS** Plaintiff **forty-five (45)** days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based on the Court's lack of subject-

matter jurisdiction, Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. Sections 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  December 11, 2020

Hon. Dana M. Sabraw
United States District Judge