UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WAYNE TURNER, CDCR #AN-8222,<br><br>                              Plaintiff,<br><br>  vs.<br><br>MARCUS POLLARD,<br><br>                            Defendant. | Case No.: 3:20-cv-02193-DMS-AGS<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)** |

      Plaintiff Michael Wayne Turner ("Plaintiff"), currently incarcerated at Mule Creek State Prison, is proceeding pro se and *in forma pauperis* ("IFP") in this action seeking damages for alleged "losse[s] of personal property, mental anguish, [and] depression." (*See* ECF No. 1, Compl. at 2.)

      The Court previously granted Plaintiff's Motion to Proceed IFP and dismissed Plaintiff's initial Complaint (ECF No. 1) for failure to state claim pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b) and for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), and granted Plaintiff leave to amend. (*See* ECF No. 3, at 5-7.)  Plaintiff timely submitted a First Amended Complaint. (*See generally* ECF No. 4, FAC.)

**I.     Screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b)**

A. <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his First Amended Complaint requires a pre-answer screening pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. Section 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. Section 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to Section 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned,

the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B. Plaintiff's Factual Allegations

Plaintiff alleges that he was placed in a crisis bed on January 15, 2020 while he was housed at the Richard J. Donovan Correctional Facility ("RJD"). (FAC at 1.) Some of Plaintiff's personal property, including personal photographs of family members, were taken by prison officials at that time. (*See id.* at 1-3.) Plaintiff did not receive a receipt for his property, and after he was released from the crisis bed, he filed a form requesting that the property be returned. (*See id.* at 1.) Several months later, one of Plaintiff's administrative grievances concerning the property was granted, and the decision stated that Plaintiff's personal property would be sent to him at Mule Creek, where he is now housed. (*See id.* at 6 (attached appeal decision).) Plaintiff never received his property however, and officials at Mule Creek told him to file another administrative appeal. (*See id.* at 1.) Plaintiff did so but has not yet received a response. (*See id.*)

Plaintiff alleges that "relief can be granted by way of Warden Marcus Pollard compensating [him]" with $10,000 for Plaintiff's stress, depression, and other non-physical injuries caused by the deprivation of his personal property. (*See id.*; *see also* ECF No. 4-1, at 2.)

### C. Analysis

Plaintiff's First Amended Complaint must be dismissed for two reasons.

First, as the Court explained in dismissing Plaintiff's initial Complaint, "'[b]ecause vicarious liability is inapplicable to . . . § 1983 suits,' [Plaintiff] must . . . allege that Defendant Pollard or any other government official he wishes to sue, 'through the official's own individual actions, has violated the constitution.'" (ECF No. 3, at 5 (quoting *Iqbal*, 556 U.S. at 676).) The only factual allegation in the First Amended Complaint regarding Defendant Pollard's actions is Plaintiff's conclusory assertion that "relief can be granted by way of Warden Marcus Pollard compensating [Plaintiff] the amount requested d[ue] to being responsible for the loss of [his] property and the mental anguish it has caused

[him] . . . ." (*See* FAC at 1.)   This allegation fails plausibly to allege that Defendant Pollard's actions violated Plaintiff's rights. *See Iqbal*, 556 U.S. at 678 (explaining that "more than unadorned, the-defendant-unlawfully-harmed-me accusation[s]" are required to state a plausible claim for relief (citing *Twombly*, 550 U.S. at 555)). For this reason alone, Plaintiff's First Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

Second, "[c]ausation is, of course, a required element of a § 1983 claim." *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999). Plaintiff has not connected the actions of Defendant Pollard to the loss of his personal property. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation."). Without alleging a causal connection between Defendant Pollard's actions and the alleged violation of Plaintiff's rights, Plaintiff cannot state a claim under Section 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

For both of these reasons, Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

D. <u>Leave to Amend</u>

Because Plaintiff has already been provided a short and plain statement of his pleading deficiencies, as well as an opportunity to amend those claims to no avail, the Court finds that granting further leave to amend would be futile. *See Gonzalez v. Planned Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's

discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

### III. Conclusion and Orders

For the reasons discussed, the Court:

1) **DISMISSES** this civil action without further leave to amend for failure to state a claim upon which Section 1983 relief can be granted pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) and 28 U.S.C. Section 1915A(b)(1);

2) **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. Section 1915(a)(3); and

3) **DIRECTS** the Clerk of Court to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED.**

Dated: May 5, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court